UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW U. D. STRAW,

Plaintiff,

v.

SCOTT S. HARRIS, *et al.*,

Defendants.

NO. C20-0410RSL

ORDER TO SHOW CAUSE

On March 13, 2020, plaintiff lodged a complaint in this Court for a declaratory judgment and $1,050,000,000 in compensatory and punitive damages against the Clerk of the United States Supreme Court, his putative deputy, and the United States for their refusal to accept for filing a motion for rehearing related to plaintiff's challenge to attorney disciplinary proceedings in the State of Indiana. Plaintiff alleges that the Court has subject matter jurisdiction over this case because the rejection of his filing violates federal constitutional rights and constitutes a conspiracy to discriminate in violation of the Americans with Disabilities Act. Plaintiff alleges that venue is proper in this district because the defendants are employees of the United States and plaintiff has filed a related action against a Washington resident, Avvo, Inc.: the cases are alleged to be "similar in nature and facts . . . and they can be decided together as a matter of law." Dkt. # 4 at 7.

ORDER TO SHOW CAUSE - 1

To the extent plaintiff is using the United States, it is sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982); *Beller v. Middendorf*, 632 F.2d 788, 796 (9th Cir.1980). Such waiver cannot be implied, but must be unequivocally expressed. *U.S. v. King*, 395 U.S. 1, 4 (1969). "It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction." *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). Where a suit has not been consented to by the United States, dismissal of the action is required. *McGuire v. U.S.*, 550 F.3d 903, 910 (9th Cir. 2008). Plaintiff has the burden of showing that this Court has the power to hear his claims against the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (there is a presumption that a cause lies outside the limited jurisdiction of the federal courts, "and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted). His bare assertion that sovereign immunity does not apply to claims brought under the U.S. Constitution and/or the ADA is insufficient. Dkt. # 4 at 11. *See Harrison v. New York*, 95 F. Supp.3d 293, 316 (E.D.N.Y. 2015) ("*Bivens*-type actions against the United States are ... routinely dismissed for lack of subject matter jurisdiction.") (quoting *Keene Corp. v. United States*, 700 F.2d 836, 845 (2d Cir.1983)).

Naming individual officers or employees of the United States as defendants based on their official capacities does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by suing federal officers and employees in their role as officers or employees of the sovereign. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiff has not established a waiver of that immunity for the

ORDER TO SHOW CAUSE - 2

reasons stated above.

Sovereign immunity does not, however, bar damage actions against federal officials in their individual capacity for violations of an plaintiff's constitutional rights. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In order to bring a damage action against a federal official in his or her individual capacity, however, the Court must have in personam jurisdiction over the official. *Gilbert*, 756 F.2d at 1459. The complaint shows unequivocally that the individual defendants work in Washington, D.C., and that the alleged conduct occurred there. There is no allegation that could give rise to a plausible inference that the individual defendants have sufficient contacts with Washington to satisfy the traditional notions of fair play and substantial justice required to subject them to this Court's jurisdiction. The fact that plaintiff has initiated a separate, related action against an entity over which the Court does have personal jurisdiction does not alter the fact that, based on the allegations of the complaint, these individual defendants are outside the reach of the Court.

For all of the foregoing reasons, plaintiff is ORDERED TO SHOW CAUSE why the above-captioned matter should not be dismissed for lack of personal jurisdiction and/or as barred by sovereign immunity. Plaintiff shall file his response within twenty-one (21) days of the date of this Order.

Dated this 18th day of March, 2020.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3