UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW U. D. STRAW,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT S. HARRIS, *et al.*,<br><br>Defendants. | Case No. C20-0410RSL<br><br>ORDER DISMISSING CLAIMS AGAINST THE UNITED STATES AND TRANSFERRING CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS |

On March 13, 2020, plaintiff lodged a complaint in this Court for a declaratory judgment and $1,050,000,000 in compensatory and punitive damages against the Clerk of the United States Supreme Court, his putative deputy, and the United States for their refusal to accept for filing a motion for rehearing related to plaintiff's challenge to attorney disciplinary proceedings in the State of Indiana. Plaintiff alleges that the Court has subject matter jurisdiction over this case because the rejection of his filing violates federal constitutional rights and constitutes a conspiracy to discriminate in violation of the Americans with Disabilities Act. Plaintiff alleges that venue is proper in this district because the defendants are employees of the United States and plaintiff has filed a related action against a Washington resident, Avvo, Inc.

Plaintiff was ordered to show cause why the above-captioned matter should not be dismissed for lack of personal jurisdiction and/or as barred by sovereign immunity. Prior to the

ORDER - 1

deadline for his response, plaintiff filed three documents (Dkt. # 11-13), all of which have been considered.[1] None of these documents gives rise to an inference that the Court may exercise personal jurisdiction over the individual defendants. The complaint shows unequivocally that the individual defendants work in Washington, D.C., and that the alleged conduct occurred there. Plaintiff offers no evidence that the individual defendants have had any contact with Washington whatsoever. Hauling them into Court across the country to answer plaintiff's claims simply because plaintiff prefers to litigate in the State of Washington would not satisfy traditional notions of fair play and substantial justice.[2]

To the extent plaintiff is suing the United States (or its employees in their official capacities), he has not identified any express waiver of its sovereign immunity other than the Federal Tort Claims Act. His submissions make clear, however, that he has not yet exhausted his administrative remedies. Any FTCA claim is therefore premature. *See* 28 U.S.C. § 2675(a); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit").

//

---

[1] Plaintiff subsequently filed documents notifying the Court that he had established a tax exempt entity to advocate for the rights of children born at Camp LeJeune (Dkt. # 14) and supporting his damage claim (Dkt. # 15). Plaintiffs' various motions for leave to file supplemental authority are GRANTED.

[2] At various points, plaintiff makes arguments that confuse subject matter jurisdiction and personal jurisdiction. This Court undoubtedly has subject matter jurisdiction over mandamus actions brought under 28 U.S.C. § 1361 or constitutional claims brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), but it must separately have jurisdiction over the person identified as the defendant in order to have power to decide the case.

ORDER - 2

For all of the foregoing reasons, plaintiff's claims against the United States are DISMISSED without prejudice. His claims against the individual defendants are hereby transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406.

Dated this 28th day of April, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3